By the Court.
 

 First it is necessary to identify the members of the family here involved. From the record it appears that the mother, Annie Jordan, was married
 
 *231
 
 twice. Charles Smith was her first husband, and Otis Jordan was her second. The twenty-four year old son, Turner Smith, and the decedent, Charles Jordan, were children of the first marriage, but the latter had abandoned the name of Smith and assumed that of Jordan. The small boys, Reuban and Alonzo Jordan, are children of the second marriage. In the collision February 1, 1936, both Charles Jordan, the sixteen-year old son, and the second husband, Otis Jordan, were killed.
 

 The single question here presented by the plaintiff relates to the two small boys, Reuban and Alonzo Jordan, half brothers of the decedent, Charles Jordan. Although the journal entry of the Court of Appeals is silent thereon, the opinion indicates that the reversal of the judgment of the Court of Common Pleas is based upon the alleged absence of evidence of pecuniary injury on the part of the two half brothers. In other words, the Court of Appeals affirmed the finding in the sum of $700 in favor of the mother but reduced the judgment $2,800, the amount of pecuniary injury the jury found to have been sustained by the two half brothers. Does the record justify this conclusion?
 

 According to the uncontradicted evidence the decedent, Charles Jordan, attended school but also was employed in a meat market. For this work he received wages varying from $5.50 to $7 per week. He gave his earnings to his mother, Annie Jordan. However, the defendant vigorously contends there is no evidence tending to prove that any of this money ever was either given to the two small half brothers or even used for their benefit. Likewise the defendant emphasizes the testimony of the mother to the effect that her second husband, Otis Jordan, had been living with her and supporting the family. It is of course true that the mother did so testify, and it is proper for the defendant-to stress this inconsistency. However, it may be observed with equal propriety that the mother is not the plaintiff although this action is prosecuted in part
 
 *232
 
 for her benefit; and neither is hers the only evidence in the record on the matter of support. Another witness testified that the mother was not living with Otis Jordan, that he was not supporting the family, that the mother was ill, and that she was receiving assistance from the county. This unsatisfactory status of the evidence seems to be due in part to the fact that this case was tried concurrently with a similar action instituted by the administrator of the estate of Otis Jordan. In that case the plaintiff sought to emphasize the support furnishéd by the husband and minimize that supplied by the boy; and of course the defendant attempted to minimize that furnished by the husband and emphasize that supplied by the boy. In the instant case the plaintiff emphasized the support furnished by the boy and minimized that supplied by the husband; and the defendant, in keeping with the spirit of the occasion, naturally reversed this process. The net result cannot accurately be'designated as a consummation devoutly to be wished.
 

 The record is one of such length that the evidence cannot well be further restated here. After a careful study this court is of the opinion that the record does contain evidence from which reasonable minds might well draw different conclusions with reference to pecuniary injury to the two half brothers of the deceased boy. Hence it becomes necessary to reverse in part the judgment of the Court of Appeals and to affirm that of the Court of Common Pleas.
 

 Judgment reversed in part and affirmed in part.
 

 Weygandt, C. J., Day, Zimmerman, Williams and Hast, JJ., concur.